UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

REGIONS BANK, an Alabama banking corporation,

    Plaintiff,

v.

LARRY D. SILVER, an individual; B. JUDSON HONAKER, JR, an individual; and EDWARD O. MINNIEAR, an individual;

    Defendants.

CIVIL ACTION NUMBER: 3:10CV658

FILED SEP 16 2010 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## COMPLAINT

**COMES NOW** the plaintiff, Regions Bank ("Regions" or the "Plaintiff"), and for its complaint against defendants Larry D. Silver. ("Silver"), B. Judson Honaker, Jr. ("Honaker") and Edward O. Minniear ("Minnear," and together with Silver and Honaker, the "Guarantors" or the "Defendants"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Regions is an Alabama banking corporation having its principal place of business in Birmingham, Alabama.

2. Defendant Silver is a citizen of the State of Florida who, upon information and belief, resides in Delray Beach, Florida.

3. Defendant Honaker is a citizen of the Commonwealth of Virginia who, upon information and belief, resides in Fredericksburg, Virginia.

4. Defendant Minniear is a citizen of the Commonwealth of Virginia who, upon information and belief, resides in Fredericksburg, Virginia.

1

5. The amount in controversy against each of the Defendants, exclusive of interest and costs, exceeds $75,000.00, and complete diversity exists between Regions and each of the Defendants.

6. This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in the Eastern District of Virginia. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391(a)(3) because one or more of the defendants are subject to personal jurisdiction in the Eastern District of Virginia and there is no other district in which the action may otherwise be brought.

## NATURE OF THE ACTION

8. This is a creditors' action by Regions to recover outstanding loans that were personally guaranteed by the Defendants pursuant to written guaranty agreements in favor of Regions. The Defendants are real estate developers. At the request of the Defendants, Regions made loans to various companies of the Defendants to fund their acquisition and/or development of various real estate projects in Virginia. In order to induce Regions to make the loans, the Defendants executed and delivered to Regions written guaranty agreements. The subject loans have matured. Upon demand by Regions, the Defendants have failed and refused to repay the loans as required by the terms of their written guaranty agreements. In this action Regions seeks money judgments against the Defendants for all amounts owed under their respective guaranty agreements.

## COUNT I
## (Carter's Corner)

9. Regions incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

10. Regions made a $16,200,000 loan to Carter's Corner, LLC ("Carter's Corner"), as evidenced by that certain Amended and Restated Promissory Note dated as of April 6, 2007, made by Carter's Corner payable to Regions in the stated principal amount of $16,200,000, as amended by that certain Note Modification Agreement among the parties dated as of April 6, 2010 (the "Carter's Corner Loan").

11. As an inducement to Regions to make the Carter's Corner Loan, Silver and Honaker unconditionally guaranteed to Regions, jointly and severally, the timely payment and performance of all liabilities and obligations of Carter's Corner to Regions in connection with the Carter's Corner Loan. Silver's and Honaker's personal guaranty of the Carter's Corner Loan is evidenced by, without limitation, that certain Amended and Restated Guaranty Agreement dated as of April 6, 2007 (the "Carter's Corner Loan Guaranty"). A true and correct copy of the Carter's Corner Loan Guaranty is attached hereto as Exhibit A.

12. Without limitation, the Carter's Corner Loan Guaranty obligates Silver and Honaker, jointly and severally, to pay the principal, interest, and late charges owing on the Carter's Corner Loan, as well as all costs and expenses, including attorneys' fees, incurred by Regions in collecting the guaranteed obligations.

13. The Carter's Corner Loan matured on June 5, 2010, and all amounts due and owing on said loan are immediately payable. The borrower has failed and refused to pay the amounts owed to Regions under the loan documents relating to the Carter's Corner Loan.

14. Upon demand by Regions, Silver and Honaker have failed and refused to pay to Regions all amounts owed by them under the Carter's Corner Loan Guaranty.

15. The Carter's Corner Loan Guaranty is a valid and binding contract.

16. Silver and Honaker are in breach of the terms of the Carter's Corner Loan Guaranty for, among other things, failure to pay to Regions the amounts owing on the Carter's Corner Loan.

17. As a consequence of Silver's and Honaker's breach of the Carter's Corner Loan Guaranty, Regions has suffered damages.

WHEREFORE, Regions demands judgment against Defendants Silver and Honaker, jointly and severally, for all amounts owing to Regions under the Carter's Corner Loan Guaranty, including without limitation all outstanding principal of the loan, plus accrued and accruing interest, late charges and expenses of collection, including attorneys' fees, such other amounts as may be legally recoverable under the loan documents, and the costs of this action. Regions requests such other and further relief as the Court deems just and appropriate.

## COUNT II
## (SH Hardware)

18. Regions incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

19. Regions made a $3,825,000 loan to SH Hardware, LLC ("SH Hardware") as presently evidenced by that certain Promissory Note dated as of September 13, 2006, made by SH Hardware payable to Regions in the stated principal amount of $3,825,000, as amended by Note Modification Agreements among the parties dated as of September 13, 2008, April 11,

2009, June 11, 2009, September 11, 2009, November 11, 2009, and February 11, 2010 (the "SH Hardware Loan").

20. As an inducement to Regions to make the SH Hardware Loan, Silver, Honaker and Minniear unconditionally guaranteed to Regions, jointly and severally, the timely payment and performance of all liabilities and obligations of SH Hardware to Regions in connection with the SH Hardware Loan. Silver's, Honaker's and Minniear's personal guaranty of the SH Hardware Loan is evidenced by, without limitation, that certain Guaranty Agreement dated as of September 13, 2006 (the "SH Hardware Loan Guaranty"). A true and correct copy of the SH Hardware Loan Guaranty is attached hereto as Exhibit B.

21. Without limitation, the SH Hardware Loan Guaranty obligates Silver, Honaker and Minniear, jointly and severally, to pay the principal, interest, and late charges owing on the SH Hardware Loan, as well as all costs and expenses, including attorneys' fees, incurred by Regions in collecting the guaranteed obligations.

22. The SH Hardware Loan matured on June 5, 2010, and all amounts due and owing on said loan are immediately payable. The borrower has failed and refused to pay the amounts owed to Regions under the loan documents relating to the SH Hardware Loan.

23. Upon demand by Regions, Silver, Honaker and Minniear have failed and refused to pay to Regions all amounts owed by them under the SH Hardware Loan Guaranty.

24. The SH Hardware Loan Guaranty is a valid and binding contract.

25. Silver, Honaker and Minniear are in breach of the terms of the SH Hardware Loan Guaranty for, among other things, failure to pay to Regions the amounts owing on the SH Hardware Loan.

5/18153.1

26. As a consequence of Silver's, Honaker's and Minniear's breach of the SH Hardware Loan Guaranty, Regions has suffered damages.

WHEREFORE, Regions demands judgment against Defendants Silver, Honaker and Minniear, jointly and severally, for all amounts owing to Regions under the SH Hardware Loan Guaranty, including without limitation all outstanding principal of the loan, plus accrued and accruing interest, late charges and expenses of collection, including attorneys' fees, such other amounts as may be legally recoverable under the loan documents, and the costs of this action. Regions requests such other and further relief as the Court deems just and appropriate.

## COUNT III
## (SH Partners)

27. Regions incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

28. Regions made a $3,000,000.00 loan to SH Partners, LLC ("SH Partners") as presently evidenced by that certain Line of Credit Promissory Note dated as of April 6, 2007, made by the SH Partners payable to Regions in the stated principal amount of $3,000,000.00, as modified by Note Modification Agreements among the parties dated April 10, 2008, April 10, 2009, June 10, 2009, September 10, 2009, November 10, 2009, and February 10, 2010 (the "SH Partners Loan").

29. As an inducement to Regions to make the SH Partners Loan, Silver and Honaker unconditionally guaranteed to Regions, jointly and severally, the timely payment and performance of all liabilities and obligations of SH Partners to Regions in connection with the SH Partners Loan. Silver's and Honaker's personal guaranty of the SH Partners Loan is

evidenced by, without limitation, that certain Guaranty Agreement dated as of April 6, 2007 (the "SH Partners Loan Guaranty"). A true and correct copy of the SH Partners Loan Guaranty is attached hereto a Exhibit C.

30. Without limitation, the SH Partners Loan Guaranty obligates Silver and Honaker, jointly and severally, to pay the principal, interest, and late charges owing on the SH Partners Loan, as well as all costs and expenses, including attorneys' fees, incurred by Regions in collecting the guaranteed obligations.

31. The SH Partners Loan matured on June 5, 2010, and all amounts due and owing on said loan are immediately payable. The borrower has failed and refused to pay the amounts owed to Regions under the loan documents relating to the SH Partners Loan.

32. Upon demand by Regions, Silver and Honaker have failed and refused to pay to Regions all amounts owed by them under the SH Partners Loan Guaranty.

33. The SH Partners Loan Guaranty is a valid and binding contract.

34. Silver and Honaker are in breach of the terms of the SH Partners Loan Guaranty for, among other things, failure to pay to Regions the amounts owing on the SH Partners Loan.

35. As a consequence of Silver's and Honaker's breach of the SH Partners Loan Guaranty, Regions has suffered damages.

WHEREFORE, Regions demands judgment against Defendants Silver and Honaker, jointly and severally, for all amounts owing to Regions under the SH Partners Loan Guaranty, including without limitation all outstanding principal of the loan, plus accrued and accruing interest, late charges and expenses of collection, including attorneys' fees, such other amounts as may be legally recoverable under the loan documents, and the costs of this action. Regions requests such other and further relief as the Court deems just and appropriate.

## COUNT IV
### (Gainesville Square)

36. Regions incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

37. Regions made a $5,900,000 loan to Gainesville Square, LLC ("Gainesville Square") as presently evidenced by that certain Promissory Note dated as of May 10, 2005, made by Gainesville Square payable to Regions in the stated principal amount of $5,900,000, as amended by Note Modification Agreements among the parties dated as of May 10, 2007, May 10, 2008, November 10, 2008, March 9, 2009, June 9, 2009, September 11, 2009, November 9, 2009 and February 10, 2010 ( the Gainesville Square Loan").

38. As an inducement to Regions to make the Gainesville Square Loan, Silver and Honaker unconditionally guaranteed to Regions, jointly and severally, the timely payment and performance of all liabilities and obligations of Gainesville Square to Regions in connection with the Gainesville Square Loan. Silver's and Honaker's personal guaranty of the Gainesville Square Loan is evidenced by, without limitation, that certain Guaranty Agreement dated as of May 10, 2005 (the "Gainesville Square Loan Guaranty"). A true and correct copy of the Gainesville Square Loan Guaranty is attached hereto a Exhibit D.

39. Without limitation, the Gainesville Square Loan Guaranty obligates Silver and Honaker, jointly and severally, to pay the principal, interest, and late charges owing on the Gainesville Square Loan, as well as all costs and expenses, including attorneys' fees, incurred by Regions in collecting the guaranteed obligations.

40. The Gainesville Square Loan matured on June 5, 2010, and all amounts due and owing on said loan are immediately payable. The borrower has failed and refused to pay the amounts owed to Regions under the loan documents relating to the Gainesville Square Loan.

41. Upon demand by Regions, Silver and Honaker have failed and refused to pay to Regions all amounts owed by them under the Gainesville Square Loan Guaranty.

42. The Gainesville Square Loan Guaranty is a valid and binding contract.

43. Silver and Honaker are in breach of the terms of the Gainesville Square Loan Guaranty for, among other things, failure to pay to Regions the amounts owing on the Gainesville Square Loan.

44. As a consequence of Silver's and Honaker's breach of the Gainesville Square Loan Guaranty, Regions has suffered damages.

WHEREFORE, Regions demands judgment against Defendants Silver and Honaker, jointly and severally, for all amounts owing to Regions under the Gainesville Square Loan Guaranty, including without limitation all outstanding principal of the loan, plus accrued and accruing interest, late charges and expenses of collection, including attorneys' fees, such other amounts as may be legally recoverable under the loan documents, and the costs of this action. Regions requests such other and further relief as the Court deems just and appropriate.

*[signature]*

Michael S. Koplan (VA Bar No. 32893)
Email: mkoplan@babc.com
Thomas R. Lynch (VA Bar No. 73158)
Email: tlynch@babc.com
**Bradley Arant Boult Cummings LLP**
1133 Connecticut Avenue, NW
12th Floor
Washington, DC 20036
Telephone: 202-393-7150
Fax: 202-347-1684
*Counsel for Regions Bank*

**SERVE DEFENDANTS BY PRIVATE PROCESS SERVER**

Defendants' Addresses:

Larry D. Silver
9293 Hawk Shadow Lane
Delray Beach, FL 33446

B. Judson Honaker, Jr.
1552 Heatherstone Drive
Fredericksburg, VA 22407

Edward O. Minniear
1601 Heatherstone Drive
Fredericksburg, VA 22407

5/18153.1